**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JEREMY SIMMONS,**

    **Plaintiff,**

**v.**                                                            **Case No: 5:13-cv-573-Oc-22PRL**

**UNITED STATES OF AMERICA**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Default (Doc. 9) filed April 9, 2014. Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012). Because Plaintiff has failed to show that Defendant was properly served, the Motion (Doc. 9) is due to be **DENIED**.[1]

    **DONE** and **ORDERED** in Ocala, Florida on April 11, 2014.

---

[1] Even assuming Plaintiff has properly served Defendant, 60 days have not passed since the summons was issued for the U.S. Attorney. (Doc. 6).

- 2 -

*[Signature]*

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties